DONALD BREECH AND JEAN BREECH, PLAINTIFFS-APPELLANTS, v. JOSEPH PIRAMIDE AND GRACE PIRAMIDE, DEFENDANTS-RESPONDENTS.

Argued February 14, 1950—Decided March 20, 1950.

*Mr. Joseph Fishberg* argued the cause for the appellants (*Messrs. Jerome Alper & Alper,* attorneys).

Respondents did not argue the cause nor file a brief (*Messrs. Cohn & Gaines,* attorneys for respondents).

The opinion of the court was delivered by

ACKERSON, J. The plaintiffs, residents of California, obtained a judgment in 1947 against the defendants in the Municipal Court of Los Angeles for $630.35. The judgment remained unpaid and the defendants moved to New Jersey where the plaintiffs instituted the present action against them in the Essex County District Court to recover on the foreign judgment. Annexed to the complaint herein, and served simultaneously with the summons on June 24, 1949, was a demand for a written specification of defenses pursuant to *R. S.* 2:32–50. An amended complaint was filed July 11, 1949, and attached thereto was a similar demand. Defendants thereupon served notice to compel plaintiffs to file a bond, or post a deposit, for $100 as security for defendants' costs pursuant to *R. S.* 2:27–424 *et seq.,* and an order to this effect was entered on September 13, 1949, which also directed

that all proceedings in the action be stayed until such security was deposited. The defendants failed to file any answer or specification of defenses. The plaintiffs did not provide security for costs, but moved for a summary judgment which motion was denied on the ground that they had failed to file such security. An order denying the motion for summary judgment was entered on October 5, 1949.

An appeal was taken by the plaintiffs from both of the aforesaid orders to the Superior Court, Appellate Division, and, while pending there, the matter was certified here on our own motion. Respondents filed no brief and did not argue the appeal.

██ ██ Plaintiffs contend that *R. S.* 2:27–424 (formerly section 204 of the Practice Act of 1903, c. 247) requiring security for costs from a nonresident plaintiff is inapplicable to actions in the District Courts. This legislation provides, in part, as follows:

"If plaintiff is a nonresident he shall, if required at any time before notice of trial by notice given to him by defendant, give bond to defendant in the sum of one hundred dollars, with sufficient surety, conditioned to prosecute his action with effect and to pay costs if he discontinues his action, is nonsuited or a judgment passes against him." ·

Section 2:27–425 provides:

"A nonresident plaintiff may, in lieu of the bond provided for by section 2:27–424 * * *, deposit one hundred dollars * * * as security to defendant for costs."

At this time section 68 of the former District Court Act, *P. L.* 1898, *c.* 228 (*R. S.* 2:32–3) was in effect providing as follows:

"Except where there is an express provision of law providing otherwise, the practice and procedure in the *circuit courts* shall, in so far as applicable, apply to the district courts." (Italics supplied.)

In 1906, in the case of *Kienzle v. Gardner,* 73 *N. J. L.* 258, 260 (*Sup. Ct.* 1906), the foregoing statutory provisions were construed as not requiring a security bond or deposit for

defendant's costs in District Court actions, and that construction has remained unchallenged until the present litigation.

However in the case *sub judice* the court below held that the statute requiring security for costs (*R. S.* 2:27–424, 425) is presently applicable to the District Courts in view of recent legislation and rules, *i. e., P. L.* 1948, *c.* 385, § 1 *et seq.*, incorporated in *R. S.* 2:32–10.1 *et seq.*, and *Rule* 7:1–3 of the Rules Governing Civil Practice in the County District Courts and Municipal Courts. Section 1 of the last mentioned statute (*R. S.* 2:32–10.1) as well as the foregoing rule state that except where there is an express provision of law providing otherwise, the practice and procedure in the District Courts "shall conform as nearly as may be to the practice and procedure in the Law Division of the *County Court.*" (Italics supplied.)

The trial court held that since security for costs may be required in the County Court, it may likewise be required of a nonresident plaintiff in a District Court under the last mentioned statute, and that the exception of the statutory provisions (*R. S.* 2:27–424 *et seq.*) to District Courts, noted in the case of *Kienzle v. Gardner, supra,* is without present validity.

We are unable to agree with this conclusion. In the *Kienzle case,* as already noted, the claim to security for costs involved the application of section 68 of the District Court Act of 1898 (*P. L.* 1898, *c.* 228, *R. S.* 2:32–2), which provided that "the practice and procedure in the circuit courts shall, in so far as applicable, apply to the district courts." This section of the act was repealed by *P. L.* 1948, *c.* 385, § 16, and in lieu thereof it was provided in section 1 of that act, as already noted, that the practice and procedure in the District Courts "shall conform as nearly as may be to the practice and procedure in the Law Division of the *County Court.*" (Italics supplied.) It will be observed that the only change effected by the latter statute was in substituting the practice and procedure of the County Court for that of the former Circuit Court as being applicable to District Courts "as nearly as may be."

In this situation it must be assumed that the law makers were cognizant of the judicial interpretation placed upon the statute requiring security for costs (*R. S.* 2:27–424 *et seq.*) in the case of *Kienzle v. Gardner, supra,* and if it was intended to make that statute applicable to a District Court action, changing the prior construction in regard thereto, provision to that effect would have been made in the later legislation. Furthermore at the time the provision requiring security for costs from nonresident plaintiffs (*P. L.* 1903, *c.* 247, §§ 204 *et seq.*) was incorporated into the 1937 Revision as *R. S.* 2:27–424 *et seq.,* no change was made to overcome the construction placed thereon by the *Kienzle case,* nor has the statute been amended since that time.

The court in the *Kienzle case,* at page 260, said: "these provisions [*P. L.* 1903, *c.* 247, §§ 204 *et seq.*] are inapplicable to the District Courts, where no notice of trial is given except by the process issuing at the beginning of the suit, or by regular adjournments, and where usually no pleading on behalf of the defendant is necessary."

While this decision was based in part upon a method of practice which is not now prevailing, nevertheless the rationale of the *Kienzle case* is equally applicable under our new practice. The pleadings in the District Court are today substantially the same as they were under the former statute and the defendant defends "by entering his appearance before the clerk of the court or filing an answer with said clerk within ten days after service upon him of the summons and complaint." *P. L.* 1948, *c.* 385, § 6, *p.* 1570 (*R. S.* 2:32–10.6) ; *Rule* 7:5–4. Furthermore *R. S.* 2:32–10.7 provides as follows: "* * * . At the time of the issuance of the summons, the plaintiff may request the clerk to assign a day for trial and indorse upon the summons and complaint a notice to the defendant of such trial date. Thereupon, the summons and complaint must be served upon the defendant in not less than ten days before such trial date." Obviously under this provision no demand of security for costs could be given to a plaintiff "before notice of trial" as required by *R. S.* 2:27–424 *et seq.*

The clause providing that the practice and procedure in the District Courts shall conform *as nearly as may be* to the practice and procedure in the Law Division of the County Court distinctly connotes that the legislators realized that complete uniformity was impossible or not feasible due to the peculiar requirements of the practice and procedure in the District Courts. Further a District Court has been aptly described as a "poor man's" court. The costs are very small and to require a nonresident plaintiff to post $100 as security for a defendant's costs would be out of all proportion to the costs involved, if any, and in many cases this would be more than the amount sued for. Certainly such was not the intendment of the security statute.

We therefore conclude that the trial court erred in holding that the statute *R. S.* 2:27–424 *et seq.*, applies to the present practice in the District Courts, and the order of September 13, 1949, requiring security for costs was without legal justification.

As to the second order, that of October 5, 1949, the appellants maintain that their motion for summary judgment should have been granted since no defense has been offered by defendants by way of answer or specification of defenses or by any affidavits or other evidence in opposition to the motion. The reason why no defense was presented was because the trial court had ordered the proceedings stayed until the bond for security was filed. Under the circumstances, the defendants should not be precluded from filing an answer or specification of defenses as demanded in the complaint.

The order of September 13, 1949, is accordingly reversed and the cause remanded to allow defendants to file an answer or specification of defenses within the time required by the court below.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.